IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, <br> A Michigan corporation, <br><br><br> Plaintiff, <br><br> vs. <br><br><br> PRESIDENTIAL CLUB HOMEOWNERS ASSOCIATION, INC., a Utah corporation, and CATHERINE HUMPHREY, an individual, <br><br> Defendants. | ORDER AND MEMORANDUM DECISION <br><br><br> Case No. 2:20-CV-0594-TC <br><br> Judge Tena Campbell |

Plaintiff Owners Insurance Company (Owners) filed this action seeking a declaration that

the insurance policy it issued to Defendant Presidential Club Homeowners Association, Inc.,

(Presidential) does not cover injuries arising from mold, fungi, bacteria, or pollution. Presidential

moves to dismiss this case, asserting that Owners' claims are not ripe for decision because they

are based on a lawsuit pending in state court. For reasons described below, Presidential's motion

(ECF No. 13) is DENIED IN PART and GRANTED IN PART.

## **FACTUAL ALLEGATIONS[1]**

---

[1] All factual allegations are from Owner's amended complaint. (ECF No. 20). The court takes
them as true for the purposes of this order. See Stuart v. Colorado Interstate Gas Co., 271 F.3d
1221, 1225 (10th Cir. 2001).

Presidential owns a condominium complex in Salt Lake City, Utah, and Defendant Catherine Humphrey lived in one of Presidential's condo units. In the spring of 2018, Ms. Humphrey noticed that a spigot outside of her unit was leaking water. The spigot was connected to a water pipe that ran through the interior walls of her unit. Ms. Humphrey had no ability to control or repair the pipe or spigot, and her condo eventually became uninhabitable due to the water damage. She moved out on October 10, 2018.

About two months after Ms. Humphrey moved out of Presidential's complex, a neighbor found her lying unconscious on the floor. She was admitted to the University of Utah Hospital where she was treated for infections in both lungs and a 104-degree fever. She spent 15 days in intensive and acute care.

On September 13, 2019, Ms. Humphrey filed a lawsuit against Presidential in the Third Judicial District Court for Salt Lake County, State of Utah (the state lawsuit). Ms. Humphrey alleges that her medical problems were caused by the hazardous condition of the condo unit she lived in, as well as "the stress and mental anguish associated with being dispossessed of her unit and personal possessions." Compl. Ex 2 at ¶ 30 (ECF No. 2-2). She sues Presidential for negligence, negligent infliction of emotional distress, and breach of contract. Ms. Humphrey's state court lawsuit is currently pending; one deposition has been taken and factual discovery is ongoing.

Presidential has an insurance protection policy (the Policy) from Owners.[2] When Owners learned of Ms. Humphrey's lawsuit against Presidential, it investigated the claim and appointed counsel to defend Presidential. Owners continues to defend Presidential in the state lawsuit at Owners' expense.

---

[2] Policy No. 164643-57149379-19

On August 3, 2020, Owners sent Presidential a reservation of rights letter, explaining that the Policy does not cover property damage or bodily injury arising from pollution, mold, fungi, or bacteria. In pertinent part, the Policy reads:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . .
>
> This insurance does not apply to "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants."[3]
>
> This insurance does not apply to "bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi'[4] or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material, or product contributed concurrently or in any sequence to such injury or damage.

Am. Compl. at ¶¶ 8–11 (ECF No. 20); Compl. Ex. 1 (ECF No. 2-1).

Owners filed this federal lawsuit seeking a declaratory judgment that "there is no coverage under the Policy for Presidential for any claims, property damage, or bodily injury by Catherine Humphrey that arise out of mold, fungi, bacteria, or pollution." Am. Compl. at 9 ¶ 1(a). Likewise, Owners requests a declaration that it has no obligation to defend or indemnify Presidential or pay any settlement to Ms. Humphrey for any claims arising from mold, fungi, bacteria, pollution, or breach of contract. Id. at  ¶¶ 29; 34.

---

[3] A Pollutant is defined in the Policy as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." Am. Compl. ¶ 10.

[4] Fungi is defined in the Policy as "any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi." Id. at ¶ 12.

**LEGAL STANDARD**

Presidential seeks dismissal "pursuant to Rule 12" of the Federal Rules of Civil Procedure but does not explain which subsection of Rule 12 it invokes. Def.'s Mot to Dismiss at 1 (ECF No. 13). Because Presidential's argument is focused on ripeness, the court assumes Presidential's motion is based on Rule 12(b)(1)—lack of subject matter jurisdiction. [5]

Motions to dismiss under Rule 12(b)(1) generally take one of two forms. Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). First, a moving party may make a facial attack on the complaint's allegations regarding the existence of subject matter jurisdiction. Id. In reviewing a facial attack, the court must accept the allegations in the complaint as true, similarly to how it would review a Rule 12(b)(6) motion to dismiss.

Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based. In reviewing a factual attack, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. Id.

Here, Presidential asserts a facial attack— its motion is based on the allegations in Owners' complaint and does not challenge the facts upon which Owners asserts subject matter jurisdiction. Accordingly, the court accepts all well-pleaded allegations in Owners' complaint as true and construes them in the light most favorable to Owners. Id.

**ANALYSIS**

Presidential argues that Owner's claim for declaratory judgment is not ripe because Presidential's liability has not yet been established in the underlying state lawsuit. In the context

---

[5] Whether a matter is ripe for judicial review is an inquiry that affects a court's subject matter jurisdiction under the case or controversy clause of Article III of the United States Constitution. New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1498–99 (10th Cir. 1995).

of declaratory relief, a claim is ripe when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>Columbian Fin. Corp. v. BanInsure, Inc.</u>, 650 F.3d 1372, 1376 (10th Cir. 2011) (quoting <u>MedImmune, Inc. v. Genentech, Inc.</u>, 549 U.S. 118, 127 (2007)). A district court has no obligation to entertain every justiciable claim for declaratory judgment. <u>State Farm Fire & Cas. Co. v. Mhoon</u>, 31 F.3d 979, 982 (10th Cir. 1994) (citing <u>Public Affairs Associates, Inc. v. Rickover</u>, 369 U.S. 111, 112 (1962)).

Like most insurance contracts, the Policy in this case includes a duty to defend and a duty to indemnify. When Presidential filed its motion to dismiss, Owners' complaint sought a declaration that "Owners has no obligation to indemnify Presidential." Compl. at 8 ¶ 1(b). But after Presidential moved for dismissal, Owners filed an amended complaint seeking a declaration that it "has no obligation to defend <u>or</u> indemnify Presidential" in the state lawsuit. Am. Compl. at 9 ¶ 1(c) (emphasis added).

Although Owners groups these two duties together, they are distinct in time and scope and must be analyzed separately. <u>Aspen Specialty Ins. Co. v. Utah Local Governments Tr.</u>, 954 F. Supp. 2d 1311, 1315 (D. Utah 2013) ("An insurer's duty to defend a lawsuit against its insured is both separate and distinct from the insurer's duty to indemnify its insured for liability that is imposed against the insured after trial.") (applying Utah law).

An insurer's duty to defend is properly assessed when a lawsuit is filed against the insured. <u>Id.</u> The duty to defend applies where the complaint against the insured contains any allegations or claims "that <u>might</u> fall within the ambit of the policy." <u>Chapman Constr., LC v. Cincinnati Ins. Co.</u>, No. 2:15-CV-172-DB, 2015 WL 12030093, at *2 (D. Utah Sept. 22, 2015) (citing <u>Summerhaze Co. v. Fed. Deposit Ins. Corp.</u>, 332 P.3d 908, 920 (Utah 2014) (emphasis

added). Moreover, the duty to defend is broader than the duty to indemnify; if a lawsuit involves claims that are both covered and not covered by the insurance policy, the insurer is still obligated to provide a defense to the entire suit. Aspen Specialty, 954 F. Supp. 2d at 1315–1316; see also State Farm Fire & Cas. Co. v. Inevat, LLC, No. 2:17-CV-00901, 2018 WL 2768661, at *3 (D. Utah June 8, 2018).

In contrast, the duty to indemnify is not determined until the true scope of the insured's liability has been established after trial. This gap in time provides the insured with a defense during the lawsuit, "but reserves all issues on payment by the insurer until the nature of the claim is decided." Id. "A declaratory judgment action to determine an insurer's duty to indemnify its insured, brought prior to a determination of the insured's liability, is premature since the question to be determined is not ripe for adjudication." Aspen Specialty, 954 F. Supp. 2d at 1316 (quoting United Nat'l Ins. Co. v. Dunbar & Sullivan Dredging Co., 953 F.2d 334, 338 (7th Cir. 1992)).

Under these rules, Owners' duty to defend is ripe for decision, but declaration of a duty to indemnify must wait until Presidential's liability has been established in the state lawsuit. Owners' duty to defend arose when Ms. Humphrey asserted her claims against Presidential in state court. It is the appropriate time to address whether Owners must continue to defend and accrue expenses on Presidential's behalf.

On the other hand, Presidential's liability has not yet been established in the state lawsuit and the state court has not determined that Ms. Humphrey's injuries were caused by mold, fungi, bacteria, or pollutants. It would be premature to address indemnification since it is possible that Ms. Humphrey's claims against Presidential may ultimately be found to be covered by the

Policy. Consequently, Owners' declaratory claim regarding its duty to indemnify Presidential is not ripe.

## **CONCLUSION**

For these reasons, Defendant Presidential's motion to dismiss is DENIED IN PART and GRANTED IN PART. To the extent Owners' declaratory claim seeks a determination about its duty to defend Presidential, it survives. But Owners' request for declaratory relief regarding its duty to indemnify Presidential is dismissed without prejudice.

DATED this 10th day of February, 2021.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge